14177

TUCKER v. ÆTNA LIFE INS. CO.

(182 S. E., 439)

*Messrs. Grier, Park, McDonald & Todd,* for appellant,

*Messrs. Mays & Featherstone,* for respondent,

November 18, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Barney Henry Tucker, as plaintiff, against the defendant, Aetna Life Lnsurance Company, was commenced in the Court of Common Pleas for Greenwood County, in September, 1933. The purpose of the action thus instituted was to recover judgment against the defendant in the sum of $1,000.00, together with interest at the rate of 7 per cent. per annum from February 28, 1928, the amount alleged to be owing the plaintiff by the defendant under a policy of insurance alleged to have been issued by the defendant to the plaintiff October, 1926, while the plaintiff was engaged as an employee of Greenwood Cotton Mills, a corporation engaged in the manufacture of textile goods, at Greenwood, S. C. The certificate of insurance in question was issued under what is known as the group policy plan. The plaintiff alleges that on the 28th day of February, 1928, while the said certificate of insurance was in full force and effect and before the plaintiff had obtained the age of sixty years, he "became totally and permanently disabled within the meaning of the certificate of insurance and the law applicable thereto and thereupon became entitled to have the defendant pay to him the amount of the insurance certificate, that is, the sum of One Thousand ($1,000.00) Dollars"; and that the defendant has failed and refused to pay to the plaintiff the said sum of money.

Answering the plaintiff's complaint, the defendant admitted that the plaintiff was at one time an employee of the Greenwood Cotton Mills and resided within the said County of Greenwood. The defendant further admitted the corporate existence of itself and that it was engaged in the business of life, health, and accident insurance, with its principal place of business at Hartford, Conn., and was actively engaged in business in this State, but denied any liability to the plaintiff under the alleged certificate of insurance.

Further answering the said complaint, the defendant made the following allegations:

"Defendant alleges that it issued a group life insurance policy No. 3427 to the Greenwood Cotton Mill of Greenwood, South Carolina, and that certificate No. 181 under said group policy was issued to the plaintiff herein, effective as of October 1, 1926, the date of said group policy; that said certificate was issued subject to the terms and conditions of the group policy and, among other things provided that the insurance evidenced thereby may be terminated whenever the employee for any reason whatsoever ceases to be in the employ of said employer, Greenwood Cotton Mill; that the said group policy and certificate issued thereunder provided, among other things, as follows:

" 'If any employee, before attaining the age of sixty years and while insured hereunder, becomes totally disabled and presumably will thereafter during life be unable to engage in any occupation of employment for wage or profit, or shall meet with the entire and irrecoverable loss of the sight of both eyes or of the use of both hands or both feet or of one hand and one foot, such employee shall be deemed to be totally and permanently disabled. Upon receipt at the Home Office of the Company, during the continuance of insurance on such employee, of satisfactory evidence of such disability, the Company will pay the amount of insurance in force upon such life at the time such disability commenced, in lieu of all other benefits provided for on such life under this policy, by that one of the following optional methods that shall be designated and requested.'

"That said group policy further provided that on and after the 16th day of April, 1930, permanent total disability benefits payable thereunder would be paid according to that one of several methods as should be designated by the employer; that all and singular the allegations of the said Paragraphs 3 and 4, except as admitted herein, are denied. That the Defendant asks for the production of the original

Certificate and the said group policy for proof of the foregoing and the other provisions thereof."

In its answer the defendant also alleged: "Further answering the Complaint, Defendant alleges that Plaintiff ceased to be in the employ of the Greenwood Cotton Mill, employer, on or about February 28, 1928, and has not been in its employ since that time, and that thereafter, in due course, the Certificate issued to him was duly cancelled and all liability of the Defendant under said group policy and certificate terminated as of the date Plaintiff ceased to be in the employ of the said employer; that Defendant is informed and believes and, therefore alleges, that Plaintiff was not totally and permanently disabled within the meaning of said group policy and certificate during the period the same were in force and effect, and if now disabled, did not become so until several years after said insurance was cancelled, and liability of the Defendant thereunder terminated; that no due proof of the alleged disability or claim or demand for disability benefits was made by Plaintiff in accordance with the terms and provisions of said group policy and certificate, and Defendant is not liable to the Plaintiff in any sum whatsoever."

The case was tried in said Court January 10, 1934, before his Honor, Judge T. S. Sease, and a jury. At the close of plaintiff's testimony, the defendant made a motion for a nonsuit, upon the following grounds:

"First. That there is no testimony to show. total and permanent disability of the plaintiff while the policy was in force and effect, within the meaning, terms and provisions of the policy.

"Second. That no proof or claim was filed and notice given while the insurance was in force and effect.

"Third. That the plaintiff was engaged in his usual employment in other mills over a considerable period after he left the Greenwood Mills."

The motion for a nonsuit being refused by the trial Judge, the defendant offered testimony, and at the conclusion of the introduction of all the testimony the defendant made a motion for a directed verdict, based upon practically the same grounds as the motion for a nonsuit. This motion being refused, also, the issues were submitted to the jury and a verdict rendered for the plaintiff for the sum of $1,000.00 and interest. Motion by defendant for a new trial being refused, judgment on the verdict was duly entered, from which judgment the defendant has appealed to this Court.

The allegations of error imputed to the trial Judge, appellant sets forth under seven exceptions, but counsel for appellant state in their brief, presented to this Court, that there are but four questions raised, namely:

"1. Was plaintiff entitled to recover total permanent disability benefits when it appeared from the undisputed testimony that, after ceasing to be in the employ of the Greenwood Cotton Mill, he secured similar employment at the Calhoun Falls Cotton Mills, at Calhoun Falls, South Carolina, and Martel Mills, at Batesburg, South Carolina, during which employment he performed substantially all of the material acts necessary to the prosecution of his business and occupation in substantially his customary and usual manner?

"2. Was plaintiff entitled to recover total permanent disability benefits under his certificate and the group policy of defendant to the Greenwood Cotton Mill when he ceased to be in the latter's employ on or about February 28, 1928, the policy providing that it is subject to cancellation upon the failure of the employee to pay the required premium contribution to the employer, and when employment with the mill terminates, or upon discontinuance of the group policy; it also appearing that the plaintiff paid no part of the premiums after said date to his employer and the certificate was properly cancelled on the 31st of March, 1928, and the

group policy expired April 15, 1931, and was not thereafter renewed?

"3. Was plaintiff entitled to recover total permanent disability benefits when he failed to give notice of his alleged disability and make claim for the benefits and submit satisfactory proof of his alleged disability, as required by the policy, during the continuance of the insurance, and not until five and one-half years after his employment with the Greenwood Cotton Mill terminated and the policy was duly cancelled according to its provisions, to wit: on or about June 28, 1933?

"4. Was it error of the Circuit Judge, in refusing defendant's motion to direct a verdict, to hold that there was some evidence of waiver of the requirements of the policy as to furnishing satisfactory proof of disability to the insurer at its home office while the insurance was in force and effect, and in submitting the question of waiver to the jury, the Court having properly charged the jury that, under the undisputed testimony, the policy of insurance and its coverage ended on the 31st of March, 1928, at which time it was duly cancelled and after which time no further premiums were paid?"

Under our view of the case, it is only necessary to consider one question raised by the appeal, the question of waiver. Even if it be conceded, which is not the case, for the purpose of considering the question of waiver, that there was satisfactory evidence adduced at the trial tending to show that the plaintiff was totally and permanently disabled while the policy was in force and effect, within the meaning, terms, and provisions of the policy, it does not follow that the plaintiff is entitled to recover, for, under the terms and provisions of the policy, it was incumbent upon the plaintiff to give notice and furnish proof of such disability while the insurance was in force and effect. It clearly appears that no proof to this effect was furnished and no notice of such disability given while the insurance in question was in force and effect. It clearly appears from the record that no

notice was given the defendant until about five years after the alleged occurrence of the disability referred to and after the policy in question ceased to be in force and effect. It is the contention of the respondent that this provision of the policy was waived by the acts and conduct of the appellant. It is true that this provision in the policy could be waived, but we fail to find any proof that it was waived. In this connection it is the contention of the respondent that the Greenwood Cotton Mills, for which the plaintiff had worked, had notice and that the said Greenwood Cotton Mills was agent for the insurance company. We do not agree with this contention. We fail to find any satisfactory proof in the record that the Greenwood Cotton Mills was the agent of the insurance company in the respect contended. The correspondence to which the respondent refers and depends upon as establishing waiver does not, in our opinion, establish waiver. Four or five years having elapsed from the time the plaintiff ceased to pay any premiums and having in the meantime given no notice to the insurance company of any contention or claim under the policy, and having failed to furnish proof as required under the terms of the policy, the insurance company had to go through the records to learn the standing of the insured, and in answering the letter addressed to the insurance company by the attorney for the insured, regarding the matter involved, the insurance company stated, in effect, that the record would be investigated, but in its letter strictly preserved all its rights. Having waited this length of time to make a claim against the insurance company or give any kind of notice regarding a claim to the insurance company, there should be clear proof of the intention of the insurance company to waive the provisions in the policy under consideration in order to hold the company responsible to the insured for the disability in question. We are unable to find such proof and we, therefore, think that the trial Judge erred in not directing a verdict for the insurance company.

The judgment of the lower Court is, therefore, reversed and the case remanded for the purpose of entry of judgment for the defendant under Rule 27 of this Court.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES M. M. MANN and PHILLIP H. STOLL concur.